UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                                :
CARL A. COLLINS, JR.,                           :     CASE NO. 1:18 CV 00003
                                                :
            Plaintiff,                          :
                                                :
vs.                                             :     OPINION & ORDER
                                                :
STATE OF OHIO, *et al.*,                        :
                                                :
            Defendants.                         :
                                                :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Carl A. Collins, Jr., has filed a civil rights complaint in this action against the State of Ohio and the City of Rocky River. (Doc. No. 1.) He complains about a traffic stop and the proceedings in a state-court traffic case against him. In addition to his complaint, he has filed three motions: a "Petition for a temporary injunction to bar the Defendant[s] from continuing current and further Probationary Punishments . . . until this case is resolved" (Doc. No. 3); a "Motion to Be Allowed to Use Electronic Filings" (Doc. No. 4); and a "Motion to Correct the Names of the Defendants" (Doc. No. 5).

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are still required to meet basic pleading requirements and a court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal courts are courts of limited jurisdiction, and "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are

totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Even liberally construed, the plaintiff's allegations do not provide a basis to establish this Court's subject-matter jurisdiction over any cognizable federal claim. Under the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), federal courts do not have jurisdiction to hear challenges to pending state-court traffic proceedings, and the plaintiff has not established any basis for removing a traffic case to federal court. *See Gorenc v. City of Westland*, 72 F. App'x. 336, 338 (6th Cir. 2003) (affirming dismissal of § 1983 action by motorist challenging a state-court traffic case); *McDonald v. Tennessee*, 79 F. App'x 793 (6th Cir. 2003) (affirming dismissal of civil rights action by a driver seeking to remove his traffic citations to federal court).

Accordingly, the plaintiff's complaint is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*, and the plaintiff's pending motions are all denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 20, 2018          *s/ James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE